The opinion of the Court was afterward delivered by
Parker C. J.
In this case, it is stated in the report, that the plaintiff offered the testimony of witnesses on the stand, to prove that at the time when the defendants received the goods for sale, they agreed verbally to guarantee the sales.
This evidence was objected to, on the ground that by the statute of frauds a contract of guarantee, to be binding, must be in writing, and that parol evidence to prove it was not admissible.
Now this depends upon-the question, whether the undertaking of the defendants to guarantee the sales was original or collateral. The defendants were commission merchants, and as sitr.h they received the goods for sale in the way of their business. The evidence went to prove, that when they received the goods, they guaranteed the sales ; for this they had their commission, and in the mercantile language, it was a del credere commission.
The legal effect of such a contract is to make them liable at all events for the proceeds of the sale, so that according to *230 some of the authorities, though denied by others, they may *3e charged on indebitatus assumpsit, as for goods sola to them And there seems to be no reason why they should not be so charged, if upon receiving the goods they became accountable, except that their liability is not fixed until a sale is made, and if upon credit, not until the time of payment arrives, the goods too being at the risk of the vendors, with ordinary care on the part of the factors, until the sale. But as the action car-not be sus'ained until after the sale has taken place, and then there is no legal excuse for not paying, the form of the action does not seem very material. Such is the nature of a commission del credere, as stated in 3 Chitty on Com. and Manuf. 220, 221, and in Paley on Principal and Ag. 35 ; M'Kenzie v. Scott, 6 Bro. P. C. 280 ; Grove v. Dubois, 1 T. R. 112 ; Bize v. Dickason, ibid. 285. Some of the principles laid down in these books are questioned in Gall v. Comber, 7 Taunt. 559, and Peale v. Northcote, ibid. 478 ; but it seems nowhere to be required that a guarantee of this nature should be in writing,[1] for the liability is admitted to be original,[2] and although the vendor may in such case forbid payment to the agent if he is insolvent, and maintain an action for himself, which in other cases is held to be the distinctive mark of a collateral undertaking, yet in this particular contract such a privilege to the vendor is held not to alter the nature of his claim upon the factor.
We assume, from the terms of the report, that the evidence admitted proved such a contract as we have above described, and that the verdict of the jury was founded upon the fact so proved. But on the supposition that the three original counts were not sustained by the evidence", we have considered the objection to the subsequent counts allowed to be filed on leave to amend. They set forth, in different forms, the contract as proved, viz. a promise to guarantee the sales of the goods. This does not appear to us to be a different cause of action from that set forth in the first series of counts. They are at *231 tempted to be charged for the same goods, in all the different forms, and in all as originally liable for them. The counts are consistent and for the same cause ; the variation is only in the form of liability. It is like the case of Ball v. Claflin, 5 Pick. 303.[1]

Judgment according to verdict.

 See Theobald on Princip. & Surety, 64; Chitty on Contr. (4th Am. ed.) 171, 403.

 But see Morris v. Cleasby, 4 Maule & Selw. 566; 2 Kent, (3d ed.) 624, note e.

 See Vancleef v. Therasson, 3 Pick. (2nd ed.) 14, note 1; Revised Stat. c. 100, § 22 St. 1836, c. 273, § 3.